IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. BERNARD SCHADE, | : | CIVIL ACTION NO. 1:20-CV-1328 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner K. Bernard Schade ("Schade") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Monroe County, Pennsylvania, and seeking immediate release from confinement. (Doc. 1). Specifically, Schade argues that he should have been released from custody at the expiration of his minimum sentence date. (Id.) For the reasons discussed below, the court will dismiss the petition as untimely.[1]

**I.      Background**

On July 15, 2014, Schade entered a negotiated guilty plea to one count of statutory sexual assault and two counts of possession of child pornography. See Commonwealth v. Schade, https://ujsportal.pacourts.us, electronic docket numbers CP-45-CR-0000681-2014, CP-45-CR-0000917-2014.  On January 7, 2015, Schade was

---

[1] By order dated October 30, 2020, the court dismissed, as time-barred, a previous habeas petition filed by Schade. See Schade v. McGinley, et al., No. 1:19-cv-962 (M.D. Pa.), Docs. 16, 17.

sentenced to a total, aggregate term of 54 to 120 months of incarceration. See Commonwealth v. Schade, 2016 WL 6519102, *1 (Pa. Super. 2016). He was also ordered to register as a sexual offender for his lifetime under 42 PA. CONS. STAT. § 9799.23. (Id.) On January 16, 2015, Schade filed a post-sentence motion to modify his sentence. (Id.) On April 15, 2015, the motion was denied. (Id. at *1, n.3). Schade did not file an appeal.

On April 29, 2015, Schade filed his first *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Id.) The PCRA court dismissed the petition as premature. (Id.)

On July 7, 2015, Schade filed his second PCRA petition, with the assistance of retained counsel. (Id.) On November 9, 2015, the PCRA court denied the petition. (Id. at *2). Schade filed an appeal to the Pennsylvania Superior Court. Commonwealth v. Schade, No. 3679 EDA 2015 (Pa. Super.). On November 3, 2016, the Pennsylvania Superior Court affirmed the PCRA court's denial of the petition. (Id.) Schade then filed a petition for allowance of appeal. On August 2, 2017, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Schade, No. 95 MAL 2017 (Pa.).

On November 6, 2017, Schade filed his third PCRA petition. See Commonwealth v. Schade, 2019 WL 1976028 (Pa. Super. 2019). On July 5, 2018, the PCRA court dismissed the petition as untimely. Id. at *1. Schade filed an appeal to the Pennsylvania Superior Court. On May 3, 2019, the Pennsylvania Superior Court quashed the appeal. Id. The Superior Court further noted that, even if the

appeal was not quashed, the Court agreed with the PCRA court's dismissal of the petition as time-barred. Id. at *3, n.1.

On July 24, 2020, Schade filed the instant federal habeas petition. (Doc. 1).

## II.     Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

When determining the date that a conviction becomes final, federal courts look to state law. Under Pennsylvania law, a defendant may file an appeal within thirty days from the date of the entry of the order from which the appeal was taken. See PA. R.A.P. 903(a). If a defendant does not file an appeal, the judgment is considered final when the appeal period expires. See 42 PA. CONS. STAT. § 9545; see also Gonzalez v. Thaler, 565 U.S. 134, 151 (2012).

Schade was sentenced on January 7, 2015. Schade filed a post-sentence motion, which the trial court denied on April 15, 2015. Thus, Schade's conviction became final on May 15, 2015, thirty days after the denial of his post-sentence motion. See PA. R.CRIM. P. 720(A)(2)(a) (providing that if a defendant files a timely post-sentence motion, a notice of appeal must be filed within thirty days of the entry of the order deciding the motion). The one-year period for the statute of limitations commenced running on May 15, 2015. Hence, the federal petition, which was filed on July 24, 2020, is clearly untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling, and the actual innocence exception, must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on May 15, 2015

and, absent any tolling, would expire on or about May 16, 2016. However, pursuant to 28 U.S.C. § 2244(d)(2), when Schade filed his second PCRA petition[2] on July 7, 2015, the AEDPA's filing period was statutorily tolled, with 312 days of the one-year filing period remaining. The statute remained tolled until August 2, 2017, when the Pennsylvania Supreme Court denied Schade's petition for allowance of appeal. The 312 days remaining in which to file his federal petition expired on June 11, 2018.

During that time, on November 6, 2017, Schade filed his third PCRA petition, which the state courts found to be untimely.[3] Commonwealth v. Schade, 2019 WL 1976028. An untimely PCRA petition is not considered "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S.

---

[2] Schade's first PCRA petition was dismissed as prematurely filed.

[3] In his third PCRA petition, Schade alleged, *inter alia*, that under the Pennsylvania Supreme Court's ruling in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), he was entitled to relief from his sentence and relevant provisions of Pennsylvania's Sex Offender Registration and Notification Act. Schade also relied on Muniz to invoke the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly-recognized constitutional right" exception. On November 9, 2017, the PCRA court denied the third PCRA petition as untimely. (Doc. 12-12, Commonwealth v. Schade, Nos. 681 CR 2014, 917 CR 2014).

On August 6, 2018, Schade filed a timely appeal to the Pennsylvania Superior Court. On May 3, 2019, the Pennsylvania Superior Court quashed the appeal. Commonwealth v. Shade, 2019 WL 1976028 (Pa. Super. 2019). The Superior Court also concluded that Schade's third PCRA petition was facially untimely. Id. at *3, n.1. The Court found that Muniz does not support the newly-recognized constitutional right exception because the Pennsylvania Supreme Court has not expressly held that Muniz applies retroactively. Id. (citing Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018)). The Court further concluded that even if Muniz supported application of the exception in 42 Pa.C.S. § 9545(b)(1)(iii), Schade's petition was nevertheless untimely because he failed to satisfy the sixty-day filing requirement in 42 Pa.C.S. § 9545(b)(2).

408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003). Therefore, the one-year limitations period resumed on August 2, 2017, and ended 312 days later on June 11, 2018. As a result, absent equitable tolling or the applicability of the actual innocence exception, Schade's federal habeas petition filed on July 24, 2020, is more than two years late.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period

he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Schade presents absolutely no evidence to account for the delay in seeking relief in federal court. (See Docs. 1, 11). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C. Actual Innocence

The Supreme Court has held that a convincing claim of actual innocence will overcome section 2254's limitations period. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). This requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. Schlup v. Delo, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95 (quoting Schlup, 513 U.S. at 329). While a petitioner alleging actual innocence need not prove diligence in order to assert a claim of actual innocence, "[u]nexplained delay in

7

presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. at 399; see also Schlup, 513 U.S. at 332 ("The court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence.]").

Here, Schade does not assert actual innocence to escape the time bar, his claims cannot be construed as asserting actual innocence, and he makes no reference to any new evidence. As a result, he cannot overcome the time-bar based on the actual innocence exception.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

**IV.**     **Conclusion**

The court will dismiss Schade's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     November 10, 2020